# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| NANCY CICERO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16CV160 JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Nancy Cicero petitions the Court for a writ of error coram nobis. She also requests documents pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The petition is denied.

Petitioner was convicted of tax fraud, and the Court sentenced her to thirty-three months' imprisonment. *United States v. Cicero*, 4:12CR325 JAR (E.D. Mo.). She refused counsel, choosing to represent herself in the proceedings.

Petitioner says that she has only recently learned of several "fundamental constitutional rights," which she did not know about during her trial. She claims she had a right to challenge the qualifications of the grand jury members, the petit jury members, the IRS agents who testified against her, the Assistant United States Attorneys who prosecuted her, and the Clerk of Court. She argues that standby counsel was ineffective for failing to inform her of these rights. She maintains that she sent a FOIA letter to this Court demanding the records proving each of these people had the correct qualifications. She has not received a response from the Court, and she says the lack of response proves

that none of these people were qualified to participate at the trial. Finally, she argues that for these reasons her conviction was unlawful and should be vacated.

Federal Courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a). "[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996). Coram nobis is an "extraordinary remedy," and should only be used in extraordinary circumstances. *Kerr v. U.S. Dist. Court for the Northern Dist. of California*, 426 U.S. 394, 403 (1976). Coram nobis is not intended to be a substitute for proceedings brought pursuant to 28 U.S.C. § 2255. *See United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000); *United States v. Morgan*, 346 U.S. 502, 511 (1954).

Petitioner chose not to file an appeal or a motion to vacate under § 2255. Instead, she sought to vacate her sentence through a petition for writ of mandamus. Any of the claims she brings here could have been brought either in an appeal or a timely § 2255 motion. The circumstances here are not "extraordinary," and coram nobis is not appropriate in this case.

Additionally, to receive documents under FOIA, a party must present his or her claim to the appropriate government agency. Petitioner has not done so. Therefore, her FOIA claims are frivolous.

Accordingly,

2

**IT IS HEREBY ORDERED** that the petition for writ of error coram nobis is **DENIED,** and this action is **DISMISSED**.

Judgment will be entered separately.

Dated this 7th day of March, 2016.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE